**O'CONNOR BERMAN HOREY & BANES, LLC**
201 Marianas Business Plaza
1 Nauru Loop
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683
E-Mail: cnmi@pacificlawyers.law

FILED
Clerk
District Court

FEB 22 2019

for the Northern Mariana Islands
By _____
(Deputy Clerk)

## IN THE DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DARCIE T. QUITUGUA, | Civ. No. 19-00003 |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| JULIAN R. CAMACHO, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, DEPARTMENT OF COMMUNITY AND CULTURAL AFFAIRS, DIVISION OF YOUTH SERVICES, | |
| Defendants. | |

### Jurisdiction and Venue

1. This court has jurisdiction of this matter pursuant to Sections 401-03 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (authorizing Congress to establish this Court), 48 U.S.C. §§ 1821-22 (establishing this Court and granting it the jurisdiction of a US district court), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (jurisdiction over civil rights actions), and 28 U.S.C. § 1367 (supplemental jurisdiction). Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

### Parties

2. Plaintiff Darcie T. Quitugua is a woman presently residing in the State of Washington. At all times pertinent to this action, she was a resident of Saipan, CNMI, and was an employee of Defendant.

1

2. Defendant Julian R. Camacho is man presently residing in the CNMI. At all times pertinent to this action, he was Plaintiff's supervisor and an employer of Plaintiff within the meaning of Title VI1 of the Civil Rights Act of 1964. At all times pertinent to this Complaint, Defendant Camacho acted under color of CNMI law.

3. Defendant Commonwealth of the Northern Mariana Islands (hereinafter 'the Commonwealth" or "CNMI") is a self-governing polity capable of being sued in its own name and right. It is sued herein for the actions of its employees in its agencies the Department of Community and Cultural Affairs (DCCA) and the Division of Youth Services (DYS). At all times pertinent to this Complaint, the Commonwealth was an employer of Plaintiff within the meaning of Title VI1 of the Civil Rights Act of 1964.

## Facts

4. Plaintiff was employed by the Commonwealth as a social worker in the Child Protection Unit (CPU) of DYS from December 2012 to May 2014.

5. Defendant Camacho, Plaintiff's male supervisor in the CPU, repeatedly over the course of several months, subjected Plaintiff to verbal and physical conduct of a sexual nature, including making sexual advances to her.

6. This conduct by the supervisor was unwelcome to Plaintiff, and she refused and rebuffed his sexual advances.

7. The supervisor's conduct was sufficiently severe, pervasive, and obnoxious that it would be viewed by a reasonable woman, and was viewed by Plaintiff, as altering the conditions of Plaintiff's employment and creating an abusive working environment.

8. Plaintiff complained to the heads of DCCA and DYS about the supervisor's conduct, but they failed to take adequate or effective action to protect Plaintiff from further harassment by the supervisor.

9. Due to the failure of the agency heads to take adequate or effective action to protect Plaintiff from such action, Plaintiff resigned from her employment.

10. The actions set forth in this Complaint were taken with reckless indifference to the protected rights of Plaintiff.

**First Cause of Action:**
**Unlawful Employment Practices (Title VII)**
**(against both defendants)**

11. It is an unlawful employment practice, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for any employer to discriminate against any individual with respect to his or her conditions of employment on account of sex.

12. Discrimination against an individual with respect to her conditions of employment on account of sex includes sexual harassment that is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment.

13. Defendants discriminated against Plaintiff with respect to her terms, conditions, and privileges of employment, on account of Plaintiff's sex, to wit: female.

14. The harassment culminated in Plaintiff's constructive discharge from employment.

15. Plaintiff timely filed a discrimination charge against the Commonwealth with the Equal Employment Opportunity Commission (EEOC), relating to the conduct of Defendant Camacho described herein, and the EEOC, after investigation, found that the evidence was sufficient to establish a violation of Title VII. A copy of the EEOC determination is attached hereto as Exhibit A.

16. Plaintiff received notice of her right to sue from the EEOC within ninety days of the filing of this Complaint. A copy of the EEOC notice of right to sue is attached hereto as Exhibit B.

17. By reason of Defendants' unlawful employment practices, Plaintiff is entitled to remedies as set forth in 42 U.S.C. § 2000e-5(g) and 42 U.S.C. § 1981a.

### Second Cause of Action:
### Violation of Civil Rights (§ 1983)
### (against Defendant Camacho)

18. Paragraphs 1-17 of the Complaint are realleged and incorporated here by reference.

19. Defendant Camacho, through his actions as set forth herein, has subjected Plaintiff to the deprivation of her constitutional rights to due process of law and equal protection of the laws, and is liable to Plaintiff in a civil action under 42 U.S.C. § 1983.

### Third Cause of Action:
### Violation of Civil Rights (CNMI Constitution)
### (against both defendants)

20. Paragraphs 1-19 of the Complaint are realleged and incorporated here by reference.

21. As a result of Defendant Camacho's actions as set forth herein, Plaintiff has been deprived of liberty and property without due process of law in violation of Article 1 Section 5 of the CNMI Constitution; has been denied the equal protection of the laws in violation of Article 1 Section 6 of the CNMI Constitution; has been denied the enjoyment of civil rights and been discriminated against in the exercise thereof on account of sex in further violation of Article 1 Section 6 of the CNMI Constitution; and her right of individual privacy has been infringed in violation of Article 1 Section 10 of the CNMI Constitution.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 58(b) and 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial on all issues triable before a jury.

4

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that the Court grant her the following relief:

1. General and incidental and consequential damages in an amount to be proven at trial.

2. An order enjoining the Defendant from engaging in unlawful employment practices.

3. An order requiring such affirmative action by Defendant as may be appropriate, including back pay, or any other equitable relief as the Court deems appropriate.

4. Compensatory and punitive damages, including but not limited to damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

5. Interest

6. Costs.

7. Attorney's fees.

8. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of February, 2019.

O'CONNOR BERMAN HOREY & BANES, LLC
*Attorneys for Plaintiff*

By: _____ *Cmg Nie for Joseph E. Horey*
       Joseph E. Horey



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 4-257
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

EEOC Charge No. 486-2014-00488

Darcie Quitugua                                     Charging Party
7106 NE 44th Circle, Apartment H
Vancouver, Washington 98661

CNMI, Department of Community                       Respondent
& Cultural Affairs, Division of Youth Services
Capitol Hill
Saipan, MP 96950

### DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under the Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). All requirements for coverage have been met.

Charging Party, a Social Worker, alleges that she was subjected to sexual harassment and constructively discharged because of her sex, female, in violation of Title VII.

Respondent denies the allegations.

The Commission has determined that there is reasonable cause to believe that Charging Party was subjected to sexual harassment because of her sex. Further, the Commission has determined that that there is reasonable cause to believe Charging Party was constructively discharged because she is female. Therefore, I have concluded that the evidence is sufficient to establish a violation of the statute under Title VII of the Civil Rights Act of 1964, as amended.

Respondents are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution

**Exhibit A**

EEOC Charge No. 486-2014-00488
Page 2 of 2

of this matter. If Respondent declines to enter into conciliation discussions, or if for any other reason the Commission's representative is unable to secure an acceptable conciliation, the Director will so inform the parties in writing and advise them of the court enforcement alternative available to the charging party and the Commission.

Director Glory Gervacio Saure will be contacting you shortly to begin conciliation discussions. You can contact Director Gervacio Saure at (808) 541-3722.

On Behalf of the Commission:

3/23/2018
Date

_____
Rosa M. Viramontes, District Director
Los Angeles District Office

**U.S. Department of Justice**

Civil Rights Division

ESD:KDW:KLF
DJ 170-12-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

NOV 27 2018

CERTIFIED MAIL 7016 2140 0000 5581 8859
RETURN RECEIPT REQUESTED

Ms. Darcie Quitugua
7106 NE 44th Circle, Apt. H
Vancouver, WA 98661

                Re:    Darcie Quitugua v. CNMI – Dept. of Community & Cultural Affairs,
                       Div. of Youth Services. EEOC Charge No. 486-2014-00488

Dear Ms. Quitugua:

     It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

     You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

     Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

     We are returning the files in this matter to EEOC's Honolulu Local Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Glory Gervacio Saure, Director, EEOC, 300 Ala Moana Blvd., Rm. 4-257, P.O. Box 50082, Honolulu, HI 96850.

                                                    Sincerely,

                                                    Eric S. Dreiband
                                                    Assistant Attorney General
                                                    Civil Rights Division

                By:

                                                    Karen D. Woodard
                                                    Principal Deputy Chief
                                                    Employment Litigation Section

cc:      CNMI – Dept. of Community & Cultural Affairs, Div. of Youth Services
           Christopher M. Timmons, Chief, Civil Division
           EEOC, Honolulu Local Office

**Exhibit B**